RATLIFF, ADMR., APPELLEE, *v.* THE BALTIMORE & OHIO RD.
CO., APPELLANT.[*]

(No. 558—Decided March 7, 1959.)

*Mr. William W. Milligan,* for appellee.
*Mr. Baird Broomhall,* for appellant.

WISEMAN, P. J.   This is an appeal on questions of law from
a judgment of the Common Pleas Court of Miami County, en-
tered on a verdict of a jury returned in favor of the plaintiff
in an action to recover damages for the wrongful death of plain-
tiff's decedent.

The pertinent allegations in plaintiff's petition are as fol-
lows:

"The plaintiff says, further that at the point of collision

---

[*]Motion to certify the record overruled, July 1, 1959.

herein described the defendant's track ran in a general north-wardly and southwardly direction, that Third Street was a generally traveled and duly dedicated street in the village of Tipp City running in a generally northwardly and southwardly direction; that at the southern boundary of the village of Tipp City, Third Street becomes Maple Hill Road or Miami County Road No. 225. At said point the street and road turns sharply west and crosses the said track at the said southern limits of the village of Tipp City; that at said intersection the railroad track is somewhat elevated in relation to the said street and road resulting in a sharp rise in said street and road as it approaches the track; that the view of the crossing was at such time obstructed by an embankment, a line of poles, a 25 mile speed marker, trees, weeds and bushes, all to the south of said intersection.

"Plaintiff further says that at such time said intersection was provided with no automatic or devices designed to give warning of approaching trains.

"Plaintiff says that on the 5th day of February, 1956, at about 2:45 p. m. his decedent was operating a 1955 Ford four-door sedan in a southerly direction on Third Street in the village of Tipp City, Ohio, approaching the intersection herein-before described. Plaintiff says his decedent stopped and then proceeded to cross the said track of the defendant, when the defendant through its agents, caused a passenger train which was proceeding northwardly upon the track from the south of said intersection, to strike the front portion of said automobile with such force that the plaintiff's decedent was killed.

"The plaintiff says that the train gave no signal, by whistle or bell, of its approach to the crossing. The plaintiff further says that the train was traveling at an excessive speed, to wit: 65 miles per hour.

"The plaintiff says that the death of his decedent was the direct and proximate result of the negligence of the defendant in the following particulars, to wit:

"First: The defendant failed to give warning of the approach of said train to said crossing by sounding its whistle or bell.

"Second: The defendant at the time and place of said ac-

cident through its agents was operating its train at a speed that was greater than reasonable or proper under the circumstances there existing, to wit: 65 miles per hour.

"Third: The defendant failed to install or provide an automatic signal or device designed to give warning of approaching trains, though there is substantial risk that a driver in the exercise of due care may be unable to avoid colliding with a train thus being operated over the crossing in compliance with the statutory requirements."

The defendant in its answer, after admitting certain immaterial allegations, interposed a general denial and as a second defense pleads contributory negligence. Plaintiff's reply is a general denial.

The evidence presented by the plaintiff supports the allegations in the plaintiff's petition, to wit, that the weather was clear; that the decedent drove south on Third Street and made a sharp turn to the west and right to a point near the crossing and stopped; that a railroad-crossing sign was erected on the east side of the tracks; that there was no flasher or any automatic signal device; that a short distance south of the crossing there was erected by the defendant on the railroad right-of-way a sign indicating a 25-mile-an-hour speed limit for trains passing through this area; that the area near the crossing was built up; that considerable traffic used the crossing; that a driver of an automobile when approaching the crossing from Third Street and the east side of the track in looking for northbound trains had his view obstructed by an embankment, trees, weeds and telephone poles; that the driver, when 6 to 10 feet from the east rail, could see several hundred feet south on the track, but beyond this point the view was obstructed; that the passenger train, which had 10 coaches, was over 1,000 feet long; that the engineer applied the emergency brakes at a point 100 to 150 feet from the crossing; that after the emergency brakes were applied the train traveled a distance of 1,760 feet; that the train was traveling 60.3 miles an hour when the emergency brakes were applied; that a train traveling 60 miles an hour travels 88 feet a second; and that as the train approached the crossing plaintiff's witnesses heard no whistle or bell.

The evidence submitted by the defendant is to the effect

that the train was traveling 75 to 80 miles an hour at the whistling post which was located approximately 1,600 feet south of the crossing; that at the whistling post the engineer began reducing the speed of the train and when the locomotive was 100 to 150 feet south of the crossing he saw the deceased drive onto the track and applied the emergency brakes; that at the time of the collision the train was traveling from 30 to 35 miles an hour; that after the impact the train traveled approximately 1,200 feet before coming to a stop; that as the train approached the crossing the whistle was blowing and the bell was ringing; and that the 25-mile-an-hour speed limit sign located south of the crossing was erected by the defendant to indicate that a speed of 25 miles an hour was a "good speed" for a train traveling through this area.

The evidence shows that the crossing was just outside the corporate limits of Tipp City, the corporation line being 1.6 feet from the north side of the crossing. The evidence shows further that the decedent had never been in Tipp City or traveled over this road and crossing; and that the plaintiff's decedent was 22 years of age and unmarried and had contributed to some extent to the financial support of his parents, who resided in Kentucky.

The jury returned a verdict for $9,500, on which the court entered judgment. Defendant's motions for judgment *non obstante veredicto* and for new trial were overruled.

The defendant assigns as error the overruling of defendant's motion for directed verdict, the overruling of defendant's motions for judgment *non obstante veredicto* and for new trial, error in the general charge, that the verdict is manifestly against the weight of the evidence and contrary to law, and that the verdict is excessive and was rendered under the influence of passion and prejudice.

Counsel for defendant in his briefs discusses the seven separate assignments of error under several headings, and we dispose of the assignments of error in the same manner. The defendant claims it is entitled to judgment in this court, contending that the trial court erred in overruling defendant's motions for directed verdict and for judgment *non obstante veredicto*. Defendant contends that the plaintiff failed to prove

that the negligence of the defendant was the proximate cause of the collision. It is claimed that, because there was no ordinance in Tipp City limiting the speed of the train and the collision actually occurred outside the corporate limits, the rule regarding operation of a train in the open country is applicable. *New York, Chicago & St. Louis Rd. Co.* v. *Kistler,* 66 Ohio St., 326, 64 N. E., 130. We do not agree. Even though the crossing was located outside the corporate limits (1.6 feet from the corporation line), it can not be said that the crossing was in the open country. This was a built-up area, and considerable traffic used the crossing. The defendant recognized this condition by erecting the sign indicating that a 25-mile-an-hour speed limit was a good speed for a train passing through this area. In such an area the speed must be commensurate with the duty to exercise ordinary care to prevent injury to those using the crossing. *Gibbons* v. *Baltimore & Ohio Rd. Co.,* 92 Ohio App., 87, 109 N. E. (2d), 511. The evidence with respect to the rate of speed of the train immediately before and at the time of the impact was in conflict, and presented a question of fact to be determined by the jury.

Also, defendant claims that with respect to signals by the use of a whistle and bell the defendant's testimony is positive and the plaintiff's testimony is negative. This is true only in part. Some of plaintiff's witnesses were in position to hear the whistle had it been sounded. The evidence presented by the plaintiff is entitled to some weight, even though the evidence submitted by the defendant is to the effect that the whistle was blowing and the bell was ringing. *Hood, a Minor,* v. *New York, Chicago & St. Louis Rd. Co.,* 166 Ohio St., 529, 144 N. E. (2d), 104. Under the evidence, we cannot say that as a matter of law the proper signals were given.

Also, defendant claims that the evidence shows the decedent was guilty of contributory negligence as a matter of law, and that the negligence of plaintiff was the sole proximate cause of the injury. We do not deem it necessary to refer to or discuss the numerous cases cited in briefs of counsel. As we view the evidence presented by the plaintiff in support of the allegations of negligence charged against the defendant, and because of conflict in the evidence on the issues of fact, the ques-

tion of proximate cause was one for the jury. The trial court was required to construe the evidence most strongly in plaintiff's favor and submit the case to the jury if such evidence, with all inferences reasonably deducible therefrom, would permit reasonable minds to reach different conclusions with respect to those questions of fact essential to be proved by the plaintiff. *Biery, Admx., v. Pennsylvania Rd. Co.*, 156 Ohio St., 75, 99 N. E. (2d), 895. From the evidence we cannot find that the plaintiff was guilty of contributory negligence as a matter of law, or that the act of the plaintiff was the sole proximate cause of the injury. In our opinion the motions for directed verdict and for judgment *non obstante veredicto* were properly overruled.

The defendant claims that a new trial should have been ordered, on the ground that the verdict was manifestly against the weight of the evidence. We do not agree. There was a conflict in the evidence which the jury was required to resolve. Evidence of a substantial character supports the verdict.

The defendant claims a new trial should be ordered because of error in the general charge. The court in its general charge instructed the jury as follows:

"If the jury finds that the train was going at a greater speed than a man of ordinary care and prudence in like employment would have been running it under like circumstances, and if the decedent's driver, Luther Ratliff, as a reasonable man, was thereby deceived and led to believe that he could cross the track in safety, the jury would be warranted in finding the railroad negligent as charged in this respect."

The defendant was charged with the exercise of ordinary care in the operation of its train. The first part of this charge recognizes this rule and taken as a whole charged the jury that, if it found that the defendant failed to exercise ordinary care under the circumstances, the jury would be warranted in finding the defendant guilty of negligence. This is a correct statement of the law. The return of a verdict is not embraced in this charge, as it is in special charge No. 6 with which counsel for the defendant makes comparison, and therefore proximate cause and contributory negligence are not involved. That part of the charge which treats of the driver of the automobile being deceived or misled by the negligence of defendant is more

favorable to the defendant than to the plaintiff. The defendant may have been guilty of negligence without deceiving the driver of the automobile.

We are of the opinion that under the evidence this case was properly submitted to the jury; that the plaintiff's decedent was not guilty of contributory negligence as a matter of law; that the motions for directed verdict, for judgment *non obstante veredicto*, and for new trial were properly overruled. We find no prejudicial error in the charge of the court. The judgment is not excessive, and we find no evidence in the record supporting the claim that the verdict was rendered under the influence of passion and prejudice. The verdict is not manifestly against the weight of the evidence and is not contrary to law. We find no assignment of error well made.

The judgment is affirmed.

*Judgment affirmed.*

CRAWFORD and KERNS, JJ., concur.